AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | | |
|---|---|---|
| In the Matter of the Tracking of | ) | |
| *(Identify the person to be tracked or describe* | ) | |
| *the object or property to be used for tracking)* | ) | |
| DODGE HELLCAT, TEMPORARY LICENSE PLATE | ) | Case No. |
| J575190 (OH) | ) | |
| VIN 2C3DZL93KH606315 | ) | |

Case No. 3:19 mj 515

MICHAEL J. NEWMAN

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 21 U.S.C. § 846 & 841 . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
DODGE HELLCAT, TEMPORARY LICENSE PLATE J575190 (OH)
VIN 2C3DZL93KH606315; 714 Osmond Ave., Dayton, Ohio

☑ Delayed notice of 30 days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Lauren Wagner, SA of the DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: 8/21/19

_____
*Judge's signature*

City and state: Dayton, Ohio

Michael Newman, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE TRACKING OF
DODGE HELLCAT, TEMPORARY
LICENSE PLATE J575190 (OH)
VIN 2C3DZL93KH606315

Case No. **3 : 19 mj 515**

**Filed Under Seal**

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, SA Lauren Wagner, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.     Your Affiant submits this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of tracking devices on a blue colored Dodge Hellcat displaying an Ohio temporary license plate J575190, registered to Crawford BOGLE at 22 E. Siebenthaler Avenue, Dayton, OH with a VIN 2C3DZL93KH606315 and believed to use by Savon Pope (hereafter referred to as **TARGET VEHICLE**).  Based on the facts set forth in this affidavit, your Affiant submits that there is probable cause to believe that **TARGET VEHICLE** is presently being used in furtherance of narcotics trafficking and conspiracy to commit narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, and money laundering and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956, and that there is probable cause to believe that the installation of a tracking device on **TARGET VEHICLE** and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2.      I, Lauren Wagner, am a Special Agent with the United States Drug Enforcement Administration (DEA), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. The information contained in this Affidavit is either personally known by me or relayed to me by other law enforcement officers involved in this investigation.

3.      Your Affiant has been employed as a Special Agent by the United States Department of Justice, DEA, since September 2017 and is currently assigned to the DEA Detroit Division Dayton Resident Office, Group D-46. Prior to your Affiant's employment with the DEA, your Affiant served as a Criminal Investigator for the New York State Department of Taxation and Finance Criminal Investigations Division, Cigarette Strike Force from September 2013 to August 2017 wherein your Affiant has investigated financial crimes to include; money laundering, structuring habits, and cash smuggling. Your Affiant has interviewed numerous subjects/defendants involved in and/or arrested for tax and drug violations and has participated in several joint interagency federal and state investigations. In September 2017, your Affiant reported to DEA Basic Agent Training in Quantico, Virginia. In January 2018, your Affiant completed the 19 week Basic Agent Training Academy at the DEA Justice Training Center in Quantico, Virginia. While attending Basic Agent Training, your Affiant received instruction on topics including narcotics identification, surveillance techniques, methods of operation of narcotics traffickers, law, evidence handling, undercover operations, current trends/patterns involving the distribution of narcotics, as well as other areas of drug enforcement.

2

4.    During your Affiant's career with the DEA, your Affiant has participated in multiple controlled substances investigations including investigations involving marijuana, cocaine, heroin, methamphetamine, and fentanyl.  Additionally, your Affiant has conducted physical surveillance, affected arrests, executed search warrants, has coordinated and monitored confidential sources, has monitored buy/walk operations, and has monitored bulk money pick-ups.  Through your Affiant's training and experience, including on-the-job discussions with other law enforcement agents and respective cooperating agencies, your Affiant is familiar with the activities of drug smugglers and drug trafficking distribution networks.  During the conduct of your Affiant's official duties, your Affiant has authored various affidavits to include, but not limited to; variations of search warrants and criminal complaints.

## **PROBABLE CAUSE**

5.    This investigation is currently targeting a Drug Trafficking Organization (herein after referred to as DTO) that is also responsible for bulk United States Currency (hereafter referred to as USC) transportation and distribution throughout the United States. Affiant is aware Savon POPE, ("POPE"), is distributing fentanyl and methamphetamine in Dayton, Ohio provided by the DTO.

6.    Between the months of January up to March 2019, a DEA CS relayed information to your Affiant, wherein CS stated that POPE has been selling bulk quantities of fentanyl and methamphetamine in the Dayton, OH area and is being supplied through a Hispanic source of supply. The CS has provided information during past investigations through 2017 and 2018, in which drugs, money, and arrests were made based on the CS's information. The CS has observed POPE with quantities of methamphetamine, and POPE has offered to sell the CS drugs but, at the

3

direction of controlling investigators, no purchases have been made yet. The CS is believed to be truthful and credible by Affiant based on past information and current information that is being corroborated by other means. CS further stated that POPE had purchased a blue Dodge Hellcat with an Ohio dealer license plate of 002A3GE. In August of 2019, investigators learned that POPE traded the Hellcat for a blue Dodge Redeye Charger (**TARGET VEHICLE**). The **TARGET VEHICLE** was registered into Crawford BOGLE's name at 22 E. Siebenthaler Avenue, Dayton, OH. BOGLE is POPE's uncle and co-conspirator in the distribution of controlled substances. It is Affiant's belief that **TARGET VEHICLE** will be POPE's main source of mobility and, therefore, will contain drugs and drug proceeds and will also point law enforcement in the direction of stash houses and those related.

7.      POPE has also been named as a target in several previous federal and state cases wherein POPE was arrested in Dayton, OH during a search warrant affected in September of 2011 where quantities of cocaine, crack cocaine, heroin, and marijuana were recovered. Further, POPE has a criminal history that includes, but is not limited to, possession of narcotics and domestic violence.

8.      In March 2019, Affiant acquired a source of information (hereby referred to as SOI); the SOI relayed intelligence regarding POPE that corroborated with intelligence relayed to Affiant by CS. This intelligence was concerning the movement of bulk USC, believed to be derived from drug proceeds. The SOI stated he/she observed POPE in a secondary vehicle, as the sole occupant, and was aware POPE was delivering drug proceeds to unknown subjects in Dayton, Ohio. This secondary vehicle, as per the CS, was gifted to another co-conspirator of the BOGLE DTO and, as such, is no longer utilized by POPE.

4

9.    On May 3, 2019, I obtained a federal tracking warrant for POPE's Dodge Hellcat through which members of the Dayton RO observed POPE and a vehicle that he used to be frequenting 4492 Riverside Drive, Dayton, OH.

10.    On or about May 19, 2019, while conducting surveillance at a residence linked to POPE – namely, 329 Mercer Avenue, Dayton, Ohio – DEA again observed indicia of drug trafficking activity amongst BOGLE's associates.  DEA observed POPE conduct apparent hand-to-hand drug transactions with people who parked outside of this residence.  Additionally, at some time, POPE exited this house, carrying a weighted bag that he gave to Bryan BARNEY, who was in a waiting car.  Shortly after BARNEY drove from the area, law enforcement attempted to stop him, but he fled from the officers at a high rate of speed.  Around this time, POPE left the Mercer residence in a car, and DEA followed him to several locations, including Luxury Auto, a car dealership in Dayton, Ohio partially owned by BARNEY.  Once there, law enforcement saw BARNEY enter POPE's car, and the pair drove away.  Officers attempted to maintain surveillance on POPE's car, temporarily lost sight of it, but ultimately found it again at a gas station in Dayton.  Upon approaching the car, law enforcement discovered only POPE in the car.  Meanwhile, investigators still stationed at the Mercer residence observed people removing bulky items from the house and placing these objects in waiting cars.  These vehicles then sped from the high rate of speed.  Based on my training and experience, I believe that, during the above events, POPE provided BARNEY with some form of contraband – whether drugs or the cash proceeds therefrom.  When officers attempted to stop BARNEY, he fled from them to avoid detection of the items within his car.  Moreover, he alerted POPE and his confederates to police presence in their area, prompting them to clean out at least temporarily the Mercer residence.

5

11.     On May 22, 2019, members of the Dayton RO secured a search warrant for 4492 Riverside Drive, Dayton, OH.  As a result of the execution of this search warrant, a total of approximately 1,061 grams of suspected fentanyl and approximately 2,390 grams of suspected methamphetamines were recovered.  DEA has information linking BOGLE and his associates to that address.

12.     On or about June 25, 2019, members of the Dayton RO performed surveillance on POPE.  POPE was suspected to be in possession of a large amount of US currency and, during the surveillance, a traffic stop was attempted by Ohio State Patrol on the vehicle which was occupied by POPE and a co-conspirator on I-75 near West Carrollton. The vehicle fled law enforcement and the occupants of the vehicle were observed out of the car by police inside Carillon Park, Dayton, Ohio. POPE and others were stopped by law enforcement, and the suspected bulk currency was not located. Investigators believed it was POPE may have hidden something in the park, i.e., money, based on the known information. Law enforcement was unable to locate anything in the park after searching for several hours.  Although POPE did not use the **TARGET VEHICLE** in this incident, this encounter with law enforcement nevertheless demonstrates that he continues to engage in drug trafficking activity and uses vehicles to facilitate that drug trafficking activity.

13.     On or about July 29, 2019t, he Honorable Walter H. Rice, United States District Court Judge for the Southern District of Ohio, entered an order in Case Number 3:19MC008, authorizing investigators to intercept wire and electronic communications over a telephone used by BOGLE.  Through a number of intercepted calls to and from BOGLE from various unidentified individuals as well as with POPE, investigators became aware of the fact that POPE

6

had traded the Hellcat for **TARGET VEHICLE.** On or about August 7, 2019, CS substantiated this conclusion by observing POPE driving the **TARGET VEHICLE** in the Dayton, OH area.

14. In Conclusion, Affiant believes POPE is a poly drug trafficker selling large quantities of fentanyl and methamphetamine. POPE is actively using the **TARGET VEHICLE** to make transactions as part of his drug trafficking effort. The **TARGET VEHICLE** is commonly within the Southern District of Ohio.

15. Based on my training and experience, Your Affiant knows that drug traffickers often generate and maintain large amounts of USC, which are typically proceeds of narcotics trafficking. Your Affiant also knows that vehicles are often times used to conceal, transport, and distribute illegal narcotics and the proceeds of illegal narcotics. Your Affiant knows that drug traffickers use vehicles as a means of transportation to narcotics stash locations and distribution points. Many times, these same drug dealers actively utilize techniques designed to foil conventional surveillance and elude law enforcement. Based on my training and experience, Your Affiant knows that drug traffickers and those involved in money laundering use multiple vehicles to evade detection, and will often switch vehicles after being stopped by law enforcement while in the possession of drug proceeds and/or narcotics.

16. Based upon the information above, Your Affiant submits that there is probable cause to believe that Savon POPE is using **TARGET VEHICLE** to transport the proceeds of illegal drug trafficking, and that he is involved in drug trafficking, money laundering, and conspiracy to commit the same, in violation of federal law. Your Affiant submits that there is also probable cause to believe that the movements of **TARGET VEHICLE** may provide evidence of his travel, places where he meets with drug trafficking associates (and assist in identifying those associates), and locations where controlled substances or drug proceeds may

7

presently be stored and/or sold. Based upon the fact that the **TARGET VEHICLE** is registered to an address in the Dayton, Ohio area, and that POPE has been observed on several occasions occupying said **TARGET VEHICLE**, your Affiant believes that **TARGET VEHICLE** is presently within the Southern District of Ohio and is being utilized in the aforementioned area.

17.     Your Affiant submits that the requested authorization for installation/monitoring of a tracking device will greatly enhance law enforcement's ability to locate POPE as he travels to and from various locations in **TARGET VEHICLE** to further facilitate the drug and money transportation operation, without jeopardizing the ongoing investigation. This information will also assist investigating agents in locating POPE for the purpose of furthering the investigation, to include the identification of conspirators, as well as the identification of locations utilized to purchase, store, and distribute the illegal drugs and/or illicit drug proceeds. Accordingly, your Affiant believes a GPS tracker will help investigating agents track POPE to drug transactions and/or money drop-off/pick-up locations. This will help investigating agents to determine others yet unknown involved with the drug trafficking organization.

18.     In order to track the movement of **TARGET VEHICLE** effectively and to decrease the chance of detection, your Affiant seeks the authorization of the U.S. District Court, Southern District of Ohio, to authorize the monitoring/installation of the tracking device in or on **TARGET VEHICLE** as it travels both within and outside of the Southern District of Ohio. Because **TARGET VEHICLE** may sometimes be parked on private property, it may be necessary to enter onto private property and/or move **TARGET VEHICLE** in order to effect the installation, maintenance, repair, replacement, and removal of the tracking device. Accordingly, your affiant seeks authorization to enter onto private properties to effect the installation, maintenance, repair, replacement, and removal of the tracking device, including but not limited

8

to 714 Osmond Ave., Dayton, Ohio. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation; it is requested that the court authorize installation and removal of the tracking device during both daytime and nighttime hours. The executing agent will note the exact time and date of installation, as well as the time it was used, on the warrant, prior to return.

19.     In the event that the Court grants Affiant's request, and authorizes the GPS tracking warrant, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days thereafter following the date of the Court's warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

20.     Based on the foregoing, your Affiant requests that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the DEA or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device in/on **TARGET VEHICLE** within the jurisdiction of the United States District Court for the Southern District of Ohio within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from **TARGET VEHICLE** after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter private properties and/or move **TARGET VEHICLE** to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking

device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the jurisdiction of the United States District Court for the Southern District of Ohio.

21.     In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), your Affiant further requests that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

22.     Your Affiant further requests that the GPS tracker warrant and accompanying affidavit and application in support thereof, as they reveal an ongoing investigation, be sealed until further order of the Court to avoid premature disclosure of the investigation, guard against the flight of suspects, and better ensure the safety of Agents, law enforcement officers, and others, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office, and may be maintained and/or reviewed by Special Agents of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant.

Respectfully submitted,

Lauren Wagner
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on August 21, 2019.

THE HONORABLE MICHAEL NEWMAN
UNITED STATES MAGISTRATE JUDGE

11